1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JARVIS WADE JACKSON,

11           Plaintiff,              No. CIV S-07-2538 GEB EFB P

12      vs.

13   K. PURCELL, et al.,

14           Defendants.            <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner without counsel suing under 42 U.S.C. § 1983.  He seeks leave

17   to proceed *in forma pauperis*.  This proceeding was referred to this court by Local Rule 72-302

18   pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee.  *See* 28 U.S.C.

21   § 1914(a).  An initial partial payment of $30.60 is assessed pursuant to section 1915(b)(1).

22   Plaintiff must make monthly payments of 20 percent of the preceding month's income credited

23   to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall

24   forward payments from plaintiff's account to the Clerk of the Court each time the amount in the

25   account exceeds $10 until the filing fee is paid.

26   ////

1

1    The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

2  does not state a cognizable claim against any defendant.

3    Section 1983 of Title 42 of the United States Code creates a cause of action against

4  persons who deprive any individual of a right secured to him by the Constitution or laws of the

5  United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

6  To state a claim defendants provided constitutionally inadequate medical care, plaintiff must

7  allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's

8  serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511

9  U.S. 825, 837 (1994).  Neither medical negligence nor plaintiff's general disagreement with the

10  treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United

11  *States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir.

12  1996).

13    Here, plaintiff alleges that he fell and injured his wrist.  As a result, defendant K. Purcell

14  examined plaintiff and advised him to elevate his wrist until the swelling went down.  Purcell

15  denied plaintiff's request for an ice pack and pain medication.  About two weeks later, an

16  unidentified individual gave plaintiff an ACE bandage and aspirin, which he alleges did not help.

17  These allegations fail to state an Eighth Amendment claim.  To proceed, he must file an

18  amended complaint.

19    Any amended complaint must show that the federal court has jurisdiction and that

20  plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

21  allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

22  defendant only persons who personally participated in a substantial way in depriving plaintiff of

23  a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

24  subjects another to the deprivation of a constitutional right if he does an act, participates in

25  another's act or omits to perform an act he is legally required to do that causes the alleged

26  deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

2

participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.  A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However, the "[f]actual

1   allegations must be enough to raise a right to relief above the speculative level on the assumption

2   that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic*

3   *Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

4          An amended complaint must be complete in itself without reference to any prior

5   pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

6   files an amended complaint, the original pleading is superseded.

7          By signing an amended complaint he certifies he has made reasonable inquiry and has

8   evidentiary support for his allegations and that for violation of this rule the court may impose

9   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Furthermore, a

10  prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are

11  available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532

12  U.S. 731, 741 (2001).

13         Accordingly, the court hereby orders that:

14         1.  Plaintiff's request to proceed *in forma pauperis* is granted.

15         2.  Plaintiff shall pay the statutory filing fee of $350 and shall make an initial payment of

16  $30.60.  All payments shall be collected in accordance with the notice to the Director of the

17  California Department of Corrections and Rehabilitation filed concurrently herewith.

18         3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an

19  original and one copy of the amended complaint, which must bear the docket number assigned to

20  this case and be titled "First Amended Complaint."  Failure to file an amended complaint will

21  result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files

22  an amended complaint stating a cognizable claim the court will proceed with service of process

23  by the United States Marshal.

24  Dated:  October 27, 2008.

       EDMUND F. BRENNAN
       UNITED STATES MAGISTRATE JUDGE

25

26